Dear Ms. Edwards:
I am in receipt of your letter requesting an opinion concerning whether a Registras failure to include a newly added precinct in a tax renewal election in a newly annexed territory prevents a drainage district from collecting the tax approved by the vast majority of the voters.
In connection with this request, you submit the following facts: In 1985, the Livingston Parish Police Jury created by ordinance the Gravity Drainage District No. 5. On April 8, 2004, the Board of Commissioners of the District ("the Board") altered the boundaries to include the additional territory. On January 15, 2005, the Board caused an election to be held in the entirety of the District, including the additional territory, for the purpose of renewing a ½ cent sales tax that the Board had previously authorized in 1995. The Registrar of Voters of Livingston Parish did not include the one newly added precinct to the list of polling places. The final election tally indicated that the tax renewal election passed by a substantial margin. The only person who lives in the newly annexed precinct attempted to vote for the proposition. No one attempted to vote against the proposition.
White v. Livingston Parish School Bd., 111 So. 700 (La. 1927) presents facts similar to the ones in this case. In White, the Livingston Parish School Board called a special parish-wide election to receive authorization to impose a tax to provide aid to the public schools. The School Board passed an ordinance levying the tax and requiring its collection on all property within the parish-wide school district. Alleging that irregularities at two precincts deprived a sufficient number of voters to have changed the result of the election, opponents of the tax filed suit seeking to annul the election and enjoin the school board from collecting the special tax. When at the trial court level the opponents to the tax won, the school board appealed.
The Court, adopting 9 R.C.L § 111, p. 1108, held:
 "`[s]o even if the polling place in one precinct is not opened at all, and no election is held, this does not of itself invalidate the election held in the county unless it appears that the general result was thereby changed, and the burden of showing this lies upon the person contesting the result as returned.'" [citations omitted.] Id. at 271.
In this case, the governing authority was a drainage district, not a school board. Like the facts of White, problems arose concerning one or more precincts. However, in this case, the drainage district did not have control over the precincts. The Registrar did. These facts differ from the facts in White since the school board in that case ran the election. Most significantly, the Registrar's blunder here had a minimal effect. The tax proposal passed by a wide margin. The only person who lived in the newly annexed precinct attempted to vote for the provision. No one attempted to vote against the proposition. Thus, the outcome of the election would not have changed had the omitted precinct been included on the list of polling places.
Even though the Registrar did not include one newly added precinct to the list of polling places, the Registrar's omission did not invalidate the election since the tax proposal passed by a wide margin and since the number of voters at this precinct would not have changed the outcome of the election. It is our opinion that the election was valid in spite of the Registrar's mistake and that, therefore, the District can collect the tax in the newly annexed area, as well as the remainder of the originally created Gravity Drainage District No. 5 of Livingston Parish.
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _________________ CHRISTOPHER D. MATCHETT Assistant Attorney General